IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| REGINALD FENTER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 11-4916 |
| | : | |
| KRAFT FOODS GLOBAL, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                               **DECEMBER 27, 2011**

      Presently before the Court is a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in Alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) by Defendant Kraft Foods Global, Inc. ("Defendant"), and a Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) by Plaintiff Reginald Fenter ("Plaintiff"). For the reasons explained below, the Defendant's Motion to Dismiss will be granted in part and denied in part.

**I.      BACKGROUND**

      This is an employment discrimination case. Plaintiff, who is an African American former employee of Defendant, contends that he was constructively discharged, retaliated against, and harassed because of his race. Plaintiff was employed by Defendant from 1974 until 2008. (Compl. ¶ 4.) Plaintiff alleges that he was constructively discharged in February 2008 because of his race and in retaliation for having complained about race discrimination. (Id.) Plaintiff held

many positions during his time with Defendant, but was last employed by Defendant as a Retail Sales Manager. (Id.) Despite years of exemplary performance and achievement, Plaintiff contends that he experienced a racially hostile work environment, was retaliated against when he complained about the racially hostile work environment for himself and other African American sales professionals, and otherwise experienced work conditions that left him with no reasonable alternative other than to resign his employment. (Id. ¶ 7.)

## II. DISCUSSION

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

#### *1. Count I - The Civil Rights Act of 1866, 42 U.S.C. § 1981*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corporation v. Twombly, the Supreme Court of the United States stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007).

Following Twombly, the United States Court of Appeals for the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the

proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

In Ashcroft v. Iqbal, the Supreme Court applied the Twombly standard, stating that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). The Supreme Court explained that deciding whether a "complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

After Iqbal, a two-part analysis is required when a district court evaluates a motion to dismiss for failure to state claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). The Third Circuit has set forth this two-part analysis as follows:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a

>District court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

Id. (citing Iqbal, 129 S. Ct. at 1949). After completing this analysis, if "'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not show[n] - that the pleader is entitled to relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).

Notwithstanding Twombly and Iqbal, the general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

We analyze Plaintiff's Section 1981 race discrimination claim under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999). First, to establish a prima facie case of race discrimination, a plaintiff needs to show that: (1) he was a member of a protected class; (2) he was qualified for his position; (3) he had an adverse action taken against him; and (4) similarly situated individuals who were not members of the plaintiff's protected class were

4

treated more favorably.  McDonnell Douglas Corp., 411 U.S. at 802; see also Jones, 198 F.3d at 410-11.

Plaintiff argues that the allegations in his Complaint are sufficient to make out a prima facie case of race discrimination.  We agree.  Regarding the first three prongs of a prima facie case, Plaintiff alleges the following: he is Black; he was qualified for the Retail Sales Manager position; and his constructive discharge was an adverse employment action.  (Compl. ¶¶ 4, 6, 14.)  As for the final prong of his prima facie case, Plaintiff alleges, in part, the following:

> he was assigned to distant sales territories because of his race; whereas, his White peers were assigned to sales territories close to their homes; (Id. ¶¶ 8-9)
>
> he was assigned to the most inexperienced and poorest performing subordinate Sales Representatives in comparison with his White peers; (Id. ¶¶ 10-11)
>
> Black Sales Representatives Plaintiff recommended for promotion were strongly opposed by his superiors, and White Sales Representatives he recommended for promotion encountered no resistance from his supervisors; (Id. ¶ 12)
>
> Defendant ignored and failed to investigate his complaint that he was being subjected to a racially hostile work environment; (Id. ¶ 13)
>
> Defendant targeted him and two other minority district managers in his region, but left the White district manager alone; (Id. ¶ 14) and
>
> Defendant refused to offer him a severance package because of his race.  (Id. ¶ 15).

(Pl.'s Mem. Law Opp'n Def.'s Mot. to Dismiss at 5.)

Separating all of the well-pleaded facts, and accepting them as true, we find that they are sufficient to show that Plaintiff has a plausible claim for relief.  The pleaded facts have the

requisite specificity to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1950.  We note, however, that Plaintiff's factual allegations only plausibly give rise to an entitlement of relief allowing the case to move forward at this early stage of the litigation.  During the discovery process, Plaintiff will be required to produce evidence of his allegations, including specific names and dates.  At this time, though, Plaintiff survives Defendant's Motion to Dismiss Count I.

### *2. Count II - The New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12 et seq.*

The New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. § 10:5-12, states, in pertinent part, that it is an unlawful employment practice "[f]or an employer, because of the race, creed, color, national origin, ancestry, age . . . or the nationality of any individual . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment. . . ." N.J.S.A. § 10:5–12(a).  The statute of limitations for claims under NJLAD is two years.  Montells v. Haynes, 627 A.2d 654 (N.J. 1993).  New Jersey recognizes the continuing violation doctrine; that is, the limitations period does not begin to run until the wrongful action ceases in cases when an individual is subject to a "continual, cumulative pattern of tortious conduct." Wilson v. Wal-Mart Stores, 729 A.2d 1006, 1010 (N.J. 1999).  Under the continuing violation doctrine, a plaintiff "may pursue a claim for discriminatory conduct if he or she can demonstrate that each asserted act by a defendant is part of a pattern and at least one of those acts occurred within the statutory limitations period." Shepherd v. Hunterdon Dev. Ctr., 803 A.2d 611, 614 (N.J. 2002).

Defendant argues that Plaintiff's NJLAD claim should be dismissed because it is time-barred under the NJLAD two year statute of limitations.  We agree.  Plaintiff claims that he was

constructively discharged in February 2008. Pursuant to the continuing violation doctrine, February 2008 is the latest possible date that an alleged discriminatory action could have occurred in this case. Plaintiff filed this action on August 1, 2011, which is well past the two year statute of limitations period. Thus, Plaintiff's NJLAD claim in Count II is dismissed as untimely. Additionally, Plaintiff failed to address Defendant's statute of limitations argument and, therefore, the court also grants this aspect of Defendant's Motion to Dismiss as unopposed. See E.D. Pa. R. Civ. P. 7.1(c); Smith v. Nat'l Flood Ins. Program of FEMA, 156 F. Supp. 2d 520, 522 (E.D. Pa. 2001).

    **B.    Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)**

Defendant's Motion to Dismiss alternatively seeks a more definite statement as to Plaintiff's claims of race discrimination. This Motion is denied. A motion for a more definite statement may be granted only when the pleading is "so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion pursuant to Rule 12(e) "'shall point out the defects complained of and the details desired.'" Thomas v. Independence Twp., 463 F.3d 285, 301 (3d Cir. 2006) (quoting Fed. R. Civ. P. 12(e)). "When presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief." Id.

We believe that Plaintiff's allegations concerning his race discrimination claims are detailed enough, at this stage of the litigation, to enable Defendant to frame a meaningful response. Consequently, Defendant's Motion for a More Definite Statement Pursuant to Federal

Rule of Civil Procedure 12(e) is denied.

### III.    CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in Alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) is granted in part and denied in part.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant's Motion to Dismiss is granted as to Plaintiff's claim under NJLAD (Count II) because it is untimely and dismissal is unopposed.  Accordingly, Plaintiff's NJLAD claim (Count II) is dismissed.  Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied in all other aspects.  Plaintiff's Motion, in the Alternative, for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) is also denied.

An appropriate Order follows.